UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUOLONG LI,<br><br>Defendant. | NO. CR20-171 JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Nicholas Manheim, Assistant United States Attorney for said District, Defendant Guolong Li, and Defendant's attorney, Thomas Coe, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Superseding Indictment.

- Conspiracy to Manufacture and Distribute Marihuana, a lesser included offense of the offense charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

Plea Agreement - 1
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offense to which Defendant is pleading guilty are as follows:

    a. The elements of Conspiracy to Manufacture and Distribute Marihuana, a lesser included offense of the offense charged in Count 1, are as follows:

- There was an agreement between two or more persons to manufacture and/or distribute a controlled substance, to wit marihuana;[1] and
- The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a. For the offense of Conspiracy to Manufacture and Distribute Marihuana, the lesser included offense of Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least 3 years and up to life, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be

---

[1] The elements of the crime of manufacturing and distributing marihuana are as follows: (1) a person knowingly manufactured or distributed a controlled substance, and (2) the person knew that it was marihuana or some other federally controlled substance.

Plea Agreement - 2
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 3
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  a. The right to plead not guilty and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of Defendant's peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 4
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

  d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

  a. Defendant admits that he had an agreement with others to manufacture and distribute marihuana, and that he joined in the agreement knowing of its purpose and intending to help accomplish it. Defendant admits that as part of this conspiracy, his co-conspirators manufactured large quantities of marihuana and then packaged them in approximately one-pound heat-sealed plastic bags. They then put the plastic bags into large boxes, which the co-conspirators delivered to legitimate freight companies for shipment around the United States. Defendant picked up the marihuana shipments from shipping companies and redistributed the marihuana, primarily in Chicago, Illinois. Defendant's co-conspirators shipped at least 1,000 kilograms of a mixture or substance containing a detectible amount of marihuana from Washington
Plea Agreement - 5
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

State, Oregon, and California, to Illinois, New Jersey, Pennsylvania, Texas, and elsewhere.

b. Starting at least in June 2018, Defendant worked with his co-conspirators to distribute marihuana shipped from other states to Illinois. On June 22, 2018, a co-conspirator in Seattle shipped three boxes of marihuana weighing 275 pounds and containing 43.6 kilograms of marihuana, from Seattle to Chicago, Illinois (waybill 64126130). On June 22, 2018, Defendant and a co-conspirator drove a vehicle rented by Defendant to pick up the shipment at a shipping company in Chicago, Illinois. The co-conspirator then drove the vehicle to a stash house ("Chicago Stash House 1") where another co-conspirator ("Co-conspirator 1") helped him unload the boxes and bring them into the house.

c. On July 20, 2018, a co-conspirator in Seattle shipped another two boxes of marihuana weighing 180 pounds and containing 29 kilograms of a mixture or substance containing marihuana, from Seattle to Chicago, Illinois (waybill 760-071380-X). On July 20, 2018, Defendant and a co-conspirator drove to the shipping company in Chicago, Illinois in his BMW and picked up the boxes. The co-conspirator then delivered the boxes to Co-conspirator 1 at Chicago Stash House 1.

d. Defendant continued to pick up shipments of marihuana in Chicago, Illinois, that had been sent by his co-conspirators from Washington, Oregon, and California. On December 3, 2018, shipments of marihuana arrived in Chicago, Illinois. The shipments had been sent by co-conspirators in Seattle, Washington (waybill 66200138), and San Francisco, California (waybill 66213528). On December 3, 2018, Defendant and a co-conspirator drove Defendant's BMW to pick up the shipment from California, and they drove it back to Defendant's house ("Chicago Stash House 2"). Defendant and his co-conspirator then moved large garbage bags of marihuana from the stash house's garage into the house. That night, investigators searched Chicago Stash House 2 pursuant to a valid and lawful search warrant. Investigators encountered Defendant and one co-conspirator, and found 27.4 kilograms of a mixture or substance

Plea Agreement - 6
U.S. v. Guolong Li, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

containing marihuana and $18,460 in U.S. currency. Just before starting the search of the residence, two individuals had come to Chicago Stash House 2, purchased black garbage bags filled with marihuana, and driven away. Investigators stopped the car and conducted a valid and lawful search of the vehicle, where they found 10.4 kilograms of a mixture or substance containing marihuana and $15,500 in U.S. currency. Defendant admits that the drugs seized from his house in Chicago on December 4, 2018, were part of the conspiracy to manufacture and distribute marihuana. He further admits that the money seized during the search was the proceeds of drug trafficking.

   e. On May 18, 2020, investigators saw Defendant pick up two boxes from a location in Chicago, Illinois. The boxes were placed in Defendant's vehicle, and he drove away with them. Investigators stopped the vehicle and identified Defendant, who was the driver and only occupant of the vehicle. Investigators searched the two boxes and found that they contained approximately 10 pounds (4.5 kilograms) of a mixture or substance containing a detectible amount of marihuana.

   f. On October 21, 2020, investigators arrested Defendant at his residence where they found 21.7 kilograms of a mixture or substance containing a detectible amount of marihuana.

   g. Defendant admits that he and his co-conspirators did not have valid licenses from the Washington State Liquor and Cannabis Board or any other governmental agency to manufacture and distribute the marihuana described above, and that the marihuana manufacturing and distribution described above violated the laws of the states where the events occurred.

   h. Defendant admits that all of the conduct described above was part of the same Conspiracy to Manufacture and Distribute Marihuana and that the conspiracy involved at least 1,000 kg of a mixture or substance containing marihuana. Defendant further admits that the conspiracy involved the shipment of at least 904.6 kilograms of marihuana to the Chicago area. Defendant further admits that all of the U.S. currency

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

described above was the proceeds of the same Conspiracy to Manufacture and Distribute Marihuana.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    A base offense level of 28 under 2D1.1(c)(7) because the Defendant's participation in the offense involved 904.6 kilograms of marihuana based on the weight of the shipped and seized marihuana; and

    b.    A three-level decrease under USSG § 3E1.1(a) for acceptance of responsibility, as further described in Paragraph 11.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties each agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is no longer than a term of 36 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture.** The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in any property that facilitated and/or constitutes proceeds of his commission of Conspiracy to Manufacture and Distribute Marihuana. All such property is forfeitable pursuant to Title 21, United States Code, Section 853.

The Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

Plea Agreement - 9
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which the Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of Conspiracy to Manufacture and Distribute Marihuana.

13. **Abandonment of Contraband**. The Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in his direct or indirect control, he consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement - 10
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 11
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.　　Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

　　　This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

　　　If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

　　　17.　　**Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

　　　18.　　**Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//

Plea Agreement - 12
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of February, 2022.

s/Thomas D. Coe on behalf of Guolong Li
GUOLONG LI
Defendant

s/Thomas D. Coe
THOMAS COE
Attorney for Defendant

FOR
VINCENT T. LOMBARDI
Assistant United States Attorney

NICHOLAS MANHEIM
Assistant United States Attorney

Plea Agreement - 13
*U.S. v. Guolong Li*, CR20-173 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970